Deaderick, C. J.,
delivered the opinion of the court:
In November, 1864, Isaac L.' Bolton died in -Shelby county, leaving complainant Lucinda his "widow. She subsequently intermarried with complainant ¥m. A. The said Isaac L. died leaving a will by .which he disposed of a large and valuable estate, real and personal, devising to his son Seth certain real estate in Arkansas. In 1865 the widow of said Isaac dissented from his will in the county court of Shelby county. Previous to the death of Isaac L., he and defendant Wade II. had cultivated -one or more plantations in Arkansas, which they owned as tenants in common, as partners, the negroes, stock, implements, etc., used in such employment belonging to them as equal partners. All the personal property was swept away during the war. After its termination defendant W. H., Bolton employed defendant Apperson to rent out the plantations in Arkansas, which was done for the years 1866 and 1867, and the rents collected were paid to W. H. Bolton and by him one-half paid to Seth Bolton, the devisee under the will of his father of his interest in the land. No- rents appear to have been received for 1868 and 1869.
In 1869 complainants filed their bill, seeking to have a decree against Apperson and Wade H. Bolton for one-third of the rents of the land devised by Isaac L. to- Seth Bolton, upon the ground that complainant Lucinda, as widow of said Isaac, having dissented from his will, was entitled to dower in his real estate.
After this suit was begun Wade II. Bolton died testate, making E. M. Apperson executor of his will. Apperson, as executor, filed this bill against complainants and the heirs at law of Isaac L. Bolton, deceased, in Desha county, Arkansas, circuit court, for the partition of the lands lying *784 in said county which 'belonged as tenants in common to his testator and the said Isaac L. Complainants, who were made defendants, answered and filed a cross bill, in which said Lucinda claimed dower to the part of said lands devised to Seth Bolton.
In 1872 the lands were partitioned between the tenants in common, and dower assigned complainant Lucinda, in share allotted to Seth Bolton as devisee of his father. In the. meantime, in January, 1871, Seth Bolton was discharged in bankruptcy, to take effect from December 28th, 1868.
The chancellor refused the relief sued for, and complainants have appealed.
By the statutes of Arkansas it is the duty of the heir or devisee to lay off dower to the widow as soon as practicable after the death of her husband. If not so assigned, the Avidow may, within one year after the death of her husband, or within three months after demand made therefor, file her petition in the court of probate for dower. Gould’s Digest, 455. And in the meantime, if the widow is in possession of the mansion house and home farm, she may retain possession without accounting for rents until dower is assigned. 5 Ark., 619; 3 English (Ark.), 43.
Dpon the death of an intestate, the law casts the inheritance upon tire heir, subject to the "widow’s right of dower. So a devisee takes the title to land devised, free from any right of dower, unless so limited, or unless the widow dissents from such will, in Avhich case the devisee would take the title, subject to such right of the widow. If the der visee takes possession, or rents the land, the widow may compel him to account for one-third of the rents and profits from the death of the husband. 3 English, 41. But this right to dower may be abandoned or waived or barred by lapse of time. 22 Ark., 263. The devisee then having the legal title, and as incident thereto, the right of possession and control, might lawfully receive the proceeds of the *785 rent o-f the land, and his co-tenant, Wade H. Bolton, might lawfully pay the same to Mm without subjecting himself to any liability to the complainants, who had taken no steps to enforce their claim to any part thereof.
Whatever might be the right of complainants against the devisee, Seth Bolton, we hold that they can have no relief against Wade Bolton or Ms agents or executor.
The chancellor’s decree will be affirmed with costs.